FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Apr 17, 2019
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| DEBORAH MANLEY, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED | | PLAINTIFFS |
| v. | Case No. __19-5078_____ | |
| UNITEDHEALTH GROUP INC.; UNITED HEALTHCARE SERVICES, INC.; UNITEDHEALTHCARE, INC.; UNITEDHEALTHCARE INSURANCE CO.; UMR, INC.; UNITED HEALTHCARE OF ARKANSAS; JOHN DOE CORPORATIONS 1 THROUGH 10; AND JOHN DOE ENTITIES 1 THROUGH 10 | | DEFENDANTS |

## DEFENDANTS' NOTICE OF REMOVAL

TO: THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF ARKANSAS

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants United Healthgroup, Inc., United Healthcare Services, Inc., United Healthcare, Inc., United Healthcare Insurance Co., UMR, Inc., and United Healthcare of Arkansas, Inc. hereby give notice of removal of the above-captioned action currently pending in the Washington County Circuit Court, State of Arkansas, to the United States District Court for the Western District of Arkansas. In support of their Notice of Removal, Defendants[1] state as follows:

1. On or about March 13, 2019, Plaintiff Deborah Manley ("Plaintiff") commenced a civil action against Defendants in the Washington County Circuit Court in the State of Arkansas.

---

[1] All served defendants have consented to this removal. The consent of "John Doe" entities is not required because those entities have not been serve and are "nominal" defendants for purposes of this action. *See, e.g.*, *Prod. Stamping Corp. v. Maryland Cas. Co.*, 829 F. Supp. 1074, 1076 n.1 (E.D. Wis. 1993).

Subsequently, on or about March 15, 2019, Plaintiff served Defendants with a copy of the lawsuit via certified mail.  A true and correct copy of the Summonses and Complaints are attached as Exhibit A, and, in compliance with 28 U.S.C. §1446(a), such documents include all process, pleadings, and orders that Defendants have received related to this action.  The Complaints and Summonses were received by Defendants on March 19, 20, and 21, 2019.

2. Plaintiff styles her complaint as a class action seeking declaratory and other relief under Arkansas law in connection with alleged enforcement of subrogation and reimbursement clauses within various health insurance plans in which plaintiff and a purported class of individuals participated.

3. Specifically, Plaintiff alleges that Defendants "collected reimbursement or subrogation from an insured's or a covered person's settlement with a third party tortfeasor, prior to reaching an agreement or receiving a judicial determination that the insured or covered person was made whole." Cmplt. ¶ 1.

4. Plaintiff, on her own behalf, and on behalf of others allegedly similarly situated, seeks an order requiring defendants to "pay monetary restitution, plus pre-judgment and post-judgment interest, of all of the reimbursed or subrogated proceeds of the insured's or covered person's settlement with a third-party tortfeasor that Defendants illegally took prior to a judicial determination or agreement that such person had been made whole." Cmplt. ¶ 2.

5. Plaintiff further alleges that she, "like all proposed class members, was covered under a contract of health insurance either issued or administered by Defendants that provided that those Defendants would pay for reasonable medical expenses resulting from injuries sustained by its members in automobile accidents." Cmplt. ¶ 18.

6. Plaintiff further alleges that plaintiff and all proposed class members received benefits under various health insurance policies for injuries caused by third parties, that they recovered money through settlement or otherwise from a third-party tortfeasor responsible, and that such individuals reimbursed Defendant UMR without first receiving a judicial determination, or agreement between the parties, that the individual was made whole. Cmplt. ¶¶ 19-20, 22, 25-26.

7. Plaintiff purports to represent a class of individuals who (from March 13, 2014 to the present) were residents of the State of Arkansas and: (a) have, had, or were covered under a health insurance policy issued by or administered by Defendants; (b) received payment on a medical claim from Defendants under such policy; (c) recovered money though settlement or otherwise from a third-party tortfeasor, without the assistance of counsel; and (d) had a portion of such recovery taken by Defendants as subrogation or reimbursement without a judicial determination or agreement that the insured or covered individual was made whole. Cmplt. ¶ 39.

8. Plaintiff defines the term "health insurance policy" in her class definition to exclude "any self-funded insurance plan established under or pursuant to ERISA." Cmplt. ¶ 38.

9. The definition does not exclude insured ERISA-covered welfare benefit plans, and Defendant United Healthcare of Arkansas and UMR administered insured ERISA-covered welfare benefits plans covering residents in the State of Arkansas as described in plaintiff's class allegations during the purported class period. For example, during December of 2018 alone, over 30 subrogation and reimbursement files were opened pertaining to insured ERISA-covered welfare benefit plans administered by UHC of Arkansas in the State of Arkansas.

10. ERISA defines "employee welfare benefit plan" as "[A]ny plan, fund or program which . . . is . . . established or maintained by an employer or . . . to the extent that such plan, fund,

or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment." *Curtis v. Nevada Bonding Corp.*, 53 F.3d 1023, 1028 (9th Cir. 1995) (an employer establishes an ERISA "plan, fund, or program" where an arrangement exists that is sufficiently specific to "enable a reasonable person to ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits.") (internal quotations and citation omitted). Congress intended for courts to construe expansively the term "employee welfare benefit plan." *Id.*

11. Plaintiff's complaint centers around her allegations regarding the administration of subrogation/reimbursement provisions of ERISA plans, and her allegations that Defendants are improperly interpreting and improperly attempting to enforce the subrogation/reimbursement language in such plans in contravention of Arkansas law. Plaintiff, on behalf of a purported class of individuals, seeks a declaration of rights under various ERISA plans with respect to the plans' subrogation and reimbursement provisions, and alleges that Defendants have breached those plan provisions, and that the Defendants' purported enforcement of those plan provisions violates Arkansas law.

12. Although the well-pleaded complaint rule provides that federal jurisdiction exists "only when a federal question is presented on the face of plaintiff's properly pleaded complaint," *Caterpillar, Inc. Williams*, 482 U.S. 386, 392 (1987), there is an exception "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004)

13. Plaintiff's alleged state law claims are completely preempted by ERISA, and can be re-characterized as arising under 29 U.S.C. §1132(a)(1)(B), which provides that, "A civil action may be brought by a participant or beneficiary - to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

14. Courts have routinely found that challenges to subrogation and reimbursement practices based on state law are properly re-characterized as arising under ERISA because they seek to enforce a right to retain ERISA benefits "free and clear" of any subrogation/reimbursement obligation. *See*, *e.g.*, *Levine v. United Healthcare Corp.*, 402 F.3d 156, 163 (3d Cir. 2005) ("Where, as here, plaintiffs claim that their ERISA plan wrongfully sought reimbursement of previously paid health benefits, the claim is for 'benefits due.'…."); *Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003) (en banc) (state law claim for declaratory relief to clarify rights under ERISA plan reimbursement provisions is completely preempted); *Singh v. Prudential Health Care Plan*, 335 F.3d 278, 291 (4th Cir. 2003) (claims that enforcement of subrogation and reimbursement terms in plan amounted to negligent reimbursement and unjust enrichment completely preempted by ERISA Section 502(a)); *Noetzel v. Haw. Med. Serv. Ass'n*, 183 F. Supp. 3d 1094 (D. Haw. 2016) (denying motion to remand claim challenging reimbursement practices under Hawaii law, finding claim could have been brought under ERISA Section 502(a)); *Carducci v. Aetna U.S. Healthcare*, 204 F. Supp. 2d 796 (D.N.J. 2002) (action by ERISA plan participants to recover sums previously repaid to their health insurers pursuant to allegedly unlawful subrogation liens held properly removed as a claim for ERISA benefits under Section 502(a)(1)(B)).

15. As such, Plaintiff's claims "arise under the Constitution, laws, or treaties of the United States" and present a removable claim under 28 U.S.C. § 1331, within the exclusive jurisdiction of the federal courts.

16. This Notice of Removal is timely filed because fewer than thirty (30) days have elapsed since March 19, 2019, the earliest date any Defendant received a copy of the Complaint and Summons.  *See* 28 U.S.C. § 1446(b).

17. This Court is the District Court for the United States for the district and division embracing the place where this action is currently pending, as required by 28 U.S.C. § 1441(a).

18. Simultaneous with the filing of this Notice of Removal, Defendant has notified the Washington County Circuit Court in the State of Arkansas of removal of this action.  See Exhibit B.  No other process, pleadings, or orders have been served or filed in this action.

19. True and correct copies of the Notice of Removal (with accompanying Exhibit) and the Notice of Filing of Notice of Removal directed to State Court will be served upon Plaintiff's counsel and filed with the Clerk of Court of the Washington County Circuit Court in the State of Arkansas on this date, in accordance with the provisions of 28 U.S.C. § 1446(d).

WHEREFORE, Defendants respectfully request that this action, now pending in the Circuit Court for the County of Washington, Arkansas, be removed to the United States District Court for the Western District of Arkansas.

> Eva C. Madison (98183)
> Littler Mendelson, P.C.
> 217 E. Dickson Street, Suite 204
> Fayetteville, AR  72701
> 479.582.6100
> 479.582.6111 fax
> emadison@littler.com
>
> Attorneys for Defendants