ELECTRONICALLY FILED
Washington County Circuit Court
Kyle Sylvester, Circuit Clerk
2019-Mar-13 16:37:00
72CV-19-578
C04D05 : 3 Pages

# COVER SHEET
## STATE OF ARKANSAS
## CIRCUIT COURT: CIVIL

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are available at https://courts.arkansas.gov.

**County:** Washington   **District:** _____   **Filing Date:** 03/13/2019
**Judge:** _____   **Division:** _____   **Case ID:** _____

**Type of case (select one that best describes the subject matter)**

**Torts**
- ☐ (NM) Automobile
- ☐ (IT) Intentional
- ☐ (MP) Malpractice – Medical
- ☐ (MO) Malpractice – Other
- ☐ (LP) Premises – Liability
- ☐ (PL) Product Liability
- ☐ (DF) Slander/Libel/Defamation
- ☐ (OD) Torts – Other

**Contracts**
- ☐ (BP) Buyer Plaintiff
- ☐ (EM) Employment Discrimination
- ☐ (EO) Employment – Other
- ☐ (DO) Seller Plaintiff (Debt Collection)
- ☒ (OC) Contract – Other

**Real Property**
- ☐ (CD) Condemnation/Eminent Domain
- ☐ (UD) Landlord/Tenant Unlawful Detainer
- ☐ (UO) Landlord/Tenant – Other
- ☐ (FC) Mortgage Foreclosure
- ☐ (QT) Real Property – Other

**Miscellaneous Civil**
- ☐ (AP) Administrative Appeal
- ☐ (EL) Election
- ☐ (FV) Foreign Judgment – Civil
- ☐ (FR) Fraud
- ☐ (IJ) Injunction
- ☐ (CF) Property Forfeiture
- ☐ (RF) Register Arkansas Judgment
- ☐ (WT) Writ - Other
- ☐ (OM) Civil – Other

| | Plaintiff | | Defendant |
|---|---|---|---|
| Company/Last Name | Manley | Company/Last Name | Unitedhealth Group Inc. |
| Suffix | | Suffix | |
| First Name | Deborah | First Name | |
| DL/State ID | | DL/State ID | |
| Address | | Address | |
| City, State ZIP | | City, State ZIP | |
| Phone | | Phone | |
| Email | | Email | |
| Self-represented | ☐ Yes  ☒ No | Self-represented | ☐ Yes  ☐ No |
| DOB | | DOB | |
| Interpreter needed? | ☐ Yes: _____ (language)  ☒ No | Interpreter needed? | ☐ Yes: _____ (language)  ☐ No |

**Attorney of Record:** Bill G. Horton   **Bar #:** 2002-200
**For the:** ☒ Plaintiff  ☐ Defendant  ☐ Intervenor   **Email Address:** bhorton@justicetoday.com
**Related Case(s): Judge:** _____   **Case ID(s):** _____
**Manner of filing (choose one):**  ☒ (MFO) Original   ☐ (MFR+case type) Re-open
☐ (MFT) Transfer   ☐ (MFF) Reactivate

6/1/2017

# COVER SHEET
# STATE OF ARKANSAS
# CIRCUIT COURT: CIVIL

*Additional Civil Case Party Information. Attach this and additional pages if needed.*

If amending an existing case to add parties, include:
Case ID: _____  Case Styling: _____

| Party type: | ☐ Plaintiff   ☒ Defendant | Party type | ☐ Plaintiff   ☒ Defendant |
|---|---|---|---|
| Company/ Last Name | United Healthcare Services, Inc. | Company/ Last Name | Unitedhealthcare, Inc. |
| Suffix | | Suffix | |
| First Name | | First Name | |
| DL/State ID | | DL/State ID | |
| Address | | Address | |
| City, State ZIP | | City, State ZIP | |
| Phone | | Phone | |
| Email | | Email | |
| Self-represented | ☐ Yes   ☐ No | Self-represented | ☐ Yes   ☐ No |
| DOB | | DOB | |
| Interpreter needed? | ☐ Yes: _____ ☐ No  (language) | Interpreter needed? | ☐ Yes: _____ ☐ No  (language) |
| **Party type:** | ☐ Plaintiff   ☒ Defendant | **Party type** | ☐ Plaintiff   ☒ Defendant |
| Company/ Last Name | Unitedhealthcare Insurance Co. | Company/ Last Name | UMR, Inc. |
| Suffix | | Suffix | |
| First Name | | First Name | |
| DL/State ID | | DL/State ID | |
| Address | | Address | |
| City, State ZIP | | City, State ZIP | |
| Phone | | Phone | |
| Email | | Email | |
| Self-represented | ☐ Yes   ☐ No | Self-represented | ☐ Yes   ☐ No |
| DOB | | DOB | |
| Interpreter needed? | ☐ Yes: _____ ☐ No  (language) | Interpreter needed? | ☐ Yes: _____ ☐ No  (language) |

6/1/2017

# COVER SHEET
# STATE OF ARKANSAS
# CIRCUIT COURT: CIVIL

*Additional Civil Case Party Information. Attach this and additional pages if needed.*

If amending an existing case to add parties, include:
Case ID: _____ Case Styling: _____

| Party type: | ☐ Plaintiff    ☒ Defendant | Party type | ☐ Plaintiff    ☒ Defendant |
|---|---|---|---|
| Company/ Last Name | United Healthcare of Arkansas | Company/ Last Name | John Doe Corporations 1 through 10 |
| Suffix | | Suffix | |
| First Name | | First Name | |
| DL/State ID | | DL/State ID | |
| Address | | Address | |
| City, State ZIP | | City, State ZIP | |
| Phone | | Phone | |
| Email | | Email | |
| Self-represented | ☐ Yes    ☐ No | Self-represented | ☐ Yes    ☐ No |
| DOB | | DOB | |
| Interpreter needed? | ☐ Yes: _____ (language)  ☐ No | Interpreter needed? | ☐ Yes: _____ (language)  ☐ No |
| Party type: | ☐ Plaintiff    ☒ Defendant | Party type | ☐ Plaintiff    ☐ Defendant |
| Company/ Last Name | John Doe Entities 1 through 10 | Company/ Last Name | |
| Suffix | | Suffix | |
| First Name | | First Name | |
| DL/State ID | | DL/State ID | |
| Address | | Address | |
| City, State ZIP | | City, State ZIP | |
| Phone | | Phone | |
| Email | | Email | |
| Self-represented | ☐ Yes    ☐ No | Self-represented | ☐ Yes    ☐ No |
| DOB | | DOB | |
| Interpreter needed? | ☐ Yes: _____ (language)  ☐ No | Interpreter needed? | ☐ Yes: _____ (language)  ☐ No |

6/1/2017

ELECTRONICALLY FILED
Washington County Circuit Court
Kyle Sylvester, Circuit Clerk
2019-Mar-13 16:37:00
72CV-19-578
C04D05 : 17 Pages

IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
CIVIL DIVISION

| | | |
|---|---|---|
| DEBORAH MANLEY, on Behalf of Themselves and All Others Similarly Situated | | PLAINTIFF |
| VS. | NO. _____ | |
| UNITEDHEALTH GROUP INC.; UNITED HEALTHCARE SERVICES, INC.; UNITEDHEALTHCARE, INC.; UNITEDHEALTHCARE INSURANCE CO.; UMR, INC.; UNITED HEALTHCARE OF ARKANSAS; JOHN DOE CORORATIONS 1 through 10; and JOHN DOE ENTITIES 1 through 10 | | DEFENDANTS |

## CLASS ACTION COMPLAINT

Plaintiff, Deborah Manley, who brings this class action on behalf of herself and all others similarly situated, by and through the undersigned counsel, for her Complaint against UnitedHealth Group, Inc.; United Healthcare Services, Inc.; UnitedHealthcare, Inc.; UnitedHealthcare Insurance Co.; UMR, Inc.; UnitedHealthcare of Arkansas, Inc.; John Doe Corporations 1 through 10; and John Doe Entities 1 through 10 (collectively referred to as "Defendants") states and alleges, upon personal knowledge as to herself and upon information and belief as to all others, as follows:

**I.     INTRODUCTION.**

1. This is a class action whereby Plaintiff seeks for herself and all other similarly situated persons in Arkansas covered by an insurance policy either issued by or administered by Defendants a declaratory judgment that Defendants violated Arkansas law when, as a common policy and general business practice, they collected reimbursement or subrogation from an insured's or a covered person's settlement with a

third-party tortfeasor, prior to reaching an agreement or receiving a judicial determination that the insured or covered person was made whole.

2. Plaintiff further seeks for herself, and all others similarly situated, an Order requiring Defendants to pay monetary restitution, plus pre-judgment and post-judgment interest, of all of the reimbursed or subrogated proceeds of the insured's or covered person's settlement with a third-party tortfeasor that Defendants illegally took prior to a judicial determination or agreement with the insured or covered person that such person had been made whole.

## II. JURISDICTION AND VENUE.

3. Plaintiff and all proposed class members are citizens of the State of Arkansas.

4. Defendants are a group of affiliated insurance companies that do business in all fifty states, including the State of Arkansas, and, at all relevant times hereto, were engaged in the marketing, sale, issuance, and administration of health insurance policies in the State of Arkansas, including processing claims and recovering subrogation of health insurance payments.

5. The compensatory damages being sought by Plaintiff does not exceed $75,000 and upon information and belief, no individual member of the Class would possess a compensatory damage claim in excess of $75,000.

6. Additionally, Plaintiff estimates that the aggregate compensatory damages claimed by Plaintiffs and the Class are below the $5,000,000 federal jurisdictional threshold under the Class Action Fairness Act ("CAFA").

7. Accordingly, this Court has jurisdiction over the parties and the subject matter of this action, and venue is proper.

### III. PARTIES.

8. Plaintiff, Deborah Manley, resides in Washington County and is a citizen of the State of Arkansas. On June 27, 2013, Plaintiff was involved in an accident in which she was not at fault. At the time of the accident, Plaintiff was covered under a health insurance policy issued by the University of Arkansas System and administered by UMR. As a result of the accident, Plaintiff suffered injury, received a settlement or damage award from the third party tortfeasor's insurer, and on or about April 14, 2014 a portion of the recovery was paid to Defendants as subrogation or reimbursement. Plaintiff was not represented by an attorney in this matter. There was no judicial determination that Plaintiff was made whole as a result of the payment from the third-party tortfeasor, nor was there an agreement between Plaintiff and Defendants that Plaintiff was made whole.

9. Defendant UnitedHealth Group Inc. ("UnitedHealth Group") is a health insurance company incorporated in Delaware with its principle place of business at 9900 Bren Road East, Minnetonka, Minnesota. UnitedHealth Group "provides health care benefits to an array of customers and markets", including the State of Arkansas, through its "family of businesses" and/or subsidiaries.[1]

10. Defendant United Healthcare Services, Inc. is a subsidiary of UnitedHealth Group. United HealthCare Services, Inc. and its affiliates provide

---

[1] UnitedHealth Group Form 2018 10-K at 3, available at
https://www.unitedhealthgroup.com/content/dam/UHG/PDF/investors/2018/UNH-Q4-2018-Form-10-K.pdf.

3

administrative services for all health plans issued by UnitedHealthcare Insurance Co. and/or its affiliates.[2] United Healthcare Services, Inc. conducts business in Arkansas and throughout most of the United States through insurance agents and other company personnel.

    11.    Defendant UnitedHealthcare, Inc. is a subsidiary of UnitedHealth Care Services, Inc. with its principal place of business located at 5901 Lincoln Dr., Edina, Minnesota. UnitedHealthcare, Inc. offers and issues health insurance plans to individuals and employers, either directly or through its subsidiaries and/or affiliates. UnitedHealthcare, Inc. conducts business in Arkansas and throughout most of the United States through insurance agents and other company personnel.

    12.    Defendant UnitedHealthcare Insurance Co. is a subsidiary of United HealthCare Services, Inc., with its principal offices located at 450 Columbus, Blvd., Hartford, Connecticut. UnitedHealthcare Insurance Co. provides insurance coverage and underwriting services for insurance plans. UnitedHealthcare Insurance Co. conducts business in Arkansas and throughout most of the United States through insurance agents and other company personnel.

    13.    Defendant UMR, Inc. ("UMR"), formerly United Medical Resources, Inc., is a subsidiary of UnitedHealthcare Services, Inc. that touts itself as the nation's largest third-party administrator, providing integrated health benefit management and claim processing.[3] UMR has its principal place of business at 11 Scott Street, Wausua, Wisconsin. UMR conducts subrogation business in Arkansas on behalf of Defendants.

---

[2] *See* https://www.uhc.com/legal/legal-entities.
[3] *See* https://www.umr.com/tpa-ap-web/ and https://www.uhc.com/employer/health-plans/umr.

14. Defendant UnitedHealthcare of Arkansas, Inc. is a subsidiary of UnitedHealthcare, Inc. that is licensed to do business in the State of Arkansas.

15. Defendants John Doe Corporations 1 through 10 are corporations, the names and addresses of residences of which are unknown. Pursuant to A.C.A. 16-56-125 an affidavit is attached as Exhibit A.

16. Defendants John Doe Entities 1 through 10 are other legal entities, the names and address of residences of which are unknown. Pursuant to A.C.A. 16-56-125 an affidavit is attached as Exhibit A.

17. Defendants conduct business in Arkansas through business units or segments, subsidiaries, affiliates, insurance agents and/or other company personnel. More specifically, Defendants identified herein operate, market, and conduct business, including processing claims and recovering subrogation in Arkansas, under the brand "UnitedHealthcare".

## IV. COMMON FACTUAL BACKGROUND.

18. Plaintiff, like all proposed Class members, was covered under a contract of health insurance either issued or administered by Defendants that provided that those Defendants would pay for reasonable medical expenses resulting from injuries sustained by its members in automobile accidents.

19. Defendants made payments to or administered the payments to or on behalf of Plaintiff, and all proposed Class members, under their health insurance policies after they were injured in an automobile accident which was not their fault.

20. Plaintiff and all proposed Class members recovered money through settlement or otherwise from a third-party tortfeasor responsible for their injuries.

21. Plaintiff and all proposed Class members were not represented by counsel in their dealings with the third-party tortfeasor.

22. Throughout the Class Period, Defendants – either directly or through their agents – engaged in a common policy and general business practice of receiving, through the assertion of its subrogation or reimbursement rights, a portion of the Plaintiff's (and proposed Class members') settlement proceeds from a third-party tortfeasor without first reaching an agreement with the insureds or covered persons or receiving a judicial determination that the insureds or covered persons were made whole.

23. UMR is a subsidiary of UnitedHealthcare Services, Inc. that recovers purported subrogation or reimbursement claims.

24. Thus, the actions of UMR were made on behalf of and for the benefit of UnitedHealth Group, Inc.; United Healthcare Services, Inc.; UnitedHealthcare, Inc.; UnitedHealthcare Insurance Co.; and UnitedHealthcare of Arkansas, Inc.

25. Prior to the resolution of the claim between the insureds or covered persons and the third-party tortfeasor, (*i.e.*, *prior to a made-whole judicial determination or agreement between the parties*), Defendants sought and received subrogation reimbursement.

26. In order to receive the full benefit of a settlement with a third-party tortfeasor and to avoid paying Defendants the amount of the illegally received subrogation or reimbursement, the insured or covered person is compelled either: (a) to sue the first-party insurance company and endure the cost and delay of litigation, or (b) to pay the amount asserted in subrogation/reimbursement, or a portion thereof, to avoid litigation and delay. In each instance, Defendants received reimbursement (a) without

any agreement between any defendant and the insured or covered person that such person had been made whole, and (b) before a judicial determination that the respective individual was made whole.

## V. COMMON CONTROLLING LAW.

27. On information and belief, Defendants' internal policies dictate that all of their plan members be treated consistent with the requirements of the laws and regulations of the appropriate state.

28. On information and belief, Defendants' internal policies dictate that all subrogation and reimbursement collection activities be treated consistent with the requirements of the laws and regulations of the appropriate state.

29. Arkansas law controls how health plan members who reside in Arkansas must be treated by Defendants.

30. It is well settled under Arkansas law and reaffirmed by the Arkansas Supreme Court in *Riley v. State Farm,* 2011 Ark. 256 (2011), that "[t]he subrogation lien cannot arise, or attach, until the insured has received the settlement proceeds or damage award and until there is a judicial determination that the insured has been made whole." *Id.* at *16; *see also Farm Bureau Cas. Ins. Co. v. Tallant,* 362 Ark 17, 207 S.W.3rd 468 (2005); *Ryder v. State Farm Mut. Auto Ins. Co.,* 371 Ark. 508, 268 S.W.2d 298 (2007); *Franklin v. Healthsource of Ark.,* 328 Ark. 163, 942 S.W.2d 837 (1997); *Shelter Mutual Ins. Co. v. Bough,* 310 Ark. 21, 834 S.W.2d 637 (1992); *cf. Williams, et al. v. State Farm Mutual Automobile, Ins. Co.,* Case No. 4:11-cv-00749 (E.D. Ark.); *Eastwood v. Southern Farm Bureau Casualty Ins. Co.,* Case No. 3:11-CV-3075 (W.D. Ark.); *Wroten v. USAble Mutual Ins. Co., et al.,* Case No. 60CV-14-516 (Pulaski Co. Cir. Ct.); *Wroten v. Shelter*

*Mutual Ins. Co.*, Case No. 60CV-14-517 (Pulaski Co. Cir. Ct.); and *Stokes v. Government Employees Ins. Co. d/b/a GEICO, et al.*, Case No. 60CV-13-4282 (Pulaski Co. Cir. Ct.).

31. Further, it is well settled in Arkansas that an insurance company's unilateral determination that an insured or covered person has been made whole will not suffice. "The consensus in Arkansas case law is that a legal determination, absent an agreement of the parties, of whether the insured has been made whole can occur after a settlement is reached but must occur *before* the insurance company is entitled to recover in subrogation." *Riley* at *12 (emphasis added), *see Tallant* at 24.

32. In *Franklin* the Arkansas Supreme Court held that an insurance company is not entitled to subrogation unless the insured or covered person has been fully made whole, regardless of whether the insurance contract between the insurer and insured expressly gave the insurer a right of subrogation for benefits paid. *Id.; Ryder* at 514. "Subrogation is recognized or denied upon equitable principles" and "an insured's right to subrogation takes precedent over that of an insurer, so the insured must be wholly compensated before an insurer's right to subrogation arises; therefore, the insurer's right to subrogation arises only in situations where the recovery by the insured exceeds his or her total amount of damages incurred." *Shelter Mut. Ins. Co. v. Kennedy*, 347 Ark. 184, at 188-189, 60 S.W.3d 458 (2001); *see also General Accident Ins. Co. of America v. Jaynes*, 343 Ark. 143, 152 (2000).

33. The Arkansas Supreme Court has explained the rationale for this "made whole" doctrine as follows:

> In a typical insurance scenario, the insured pays premiums to the insurer to assume risks. If the insurer is entitled to reimbursement of the benefits it previously paid to the insured after the insured receives a settlement from a third-party tortfeasor but has still not

8

> been made whole, then a windfall is created for the insurer because it is not being forced to assume all of the risks that it has been paid by the insured to assume.

*Ryder v. State Farm Mutual Automobile Insurance Co.*, 371 Ark. 508, 515-16 (2007).

34. Under this "made whole" doctrine, "the precise measure of reimbursement is the amount by which the sum received by the insured from the [third party], together with the insurance proceeds, exceeds the loss sustained and the expense incurred by the insured in realizing on his claim." *Caldwell v. TACC Corp.*, 423 F.3d 784, 790 (8th Cir. 2005).

35. Whether the insured or covered person is "made whole" requires consideration of information that must be provided by the insured or covered person, as well as potentially other sources, before such determination could be made. As the Arkansas Supreme Court has explained: "Most always when there is tort recovery the consideration for payment by the tortfeasor includes loss of wages, loss of earning capacity, pain and suffering, permanent or temporary physical impairment, medical expenses, property damages and intangible losses which are not susceptible to exact measurement." *American Pioneer Life Ins. Co. V. Rogers*, 296 Ark. 254, 259 (1988).

36. In order to comply with Arkansas law, Defendants were required by law to not receive subrogation or reimbursement until: 1) *after* the Plaintiffs, or other similarly situated individuals, and Defendant had reached an agreement that Plaintiffs, or other similarly situated individuals, have been made whole; or 2) *after* a judicial determination that the Plaintiffs, or other similarly situated individuals, have been made whole.

37. Complying with Arkansas law does not prevent Defendants (or any

9

Arkansas insurer) from asserting and receiving subrogation or reimbursement. However, Arkansas law does require the insurer first to reach an agreement with its insured or respective covered persons that such individual has been made whole. If the parties are not able to agree, Defendants must seek a judicial determination that the insured or covered person has been made whole.

## VI.   CLASS ACTION ALLEGATIONS.

38.   This action is brought by Plaintiff as a class action, on behalf of herself and on behalf of all others similarly situated, under the provisions of Rules 23(a) and 23(b)(3), or, alternatively, 23(b)(2), of the Arkansas Rules of Civil Procedure, for declaratory judgment, monetary restitution, plus interests, injunctive relief, costs and attorney's fees. Plaintiff seeks certification of this action as a class action on behalf of the following class (the "Class"):

> Residents of the State of Arkansas who, during the Class Period of March 13, 2014, through the date of resolution of this action
>
> > (a) have, had, or were covered under a health insurance policy issued by or administered by Defendants, (b) received payment on a medical claim from Defendants under such policy, (c) recovered money through settlement or otherwise from a third-party tortfeasor, without the assistance of counsel, and (d) had a portion of such recovery taken by Defendants as subrogation or reimbursement without a judicial determination or agreement that the insured or covered individual was made whole.

39.   The term "health insurance policy" in the above class definition does not include any self-funded insurance plan established under or pursuant to ERISA. Excluded from the Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants or employees of Defendants and the immediate family members of any such person. Also excluded is any

judge who may preside over this cause of action. Plaintiff reserves the right to revise or refine the definition of the class based upon information gathered during discovery and anticipate doing so.

40. The exact number of the Class, as herein identified and described, is not known, but it is estimated to number in the hundreds. The Class is so numerous that joinder of individual members herein is impracticable.

41. There are common questions of law and fact in the action that relate to and affect the rights of each member of the Class and the relief sought is common to the entire Class. In particular, the common questions of fact and law include:

(A) Whether, throughout the Class Period, as a common policy and general business practice, Defendants, in violation of Arkansas law, received a portion of its health plan members' settlement proceeds from a third-party tortfeasor before first reaching an agreement with such person that they had been made whole; and

(B) Whether, throughout the Class Period, as a common policy and general business practice, Defendants, in violation of Arkansas law, received a portion of its health plan members' settlement proceeds from a third-party tortfeasor without receiving a judicial determination that such person was made whole.

42. The claims of the Plaintiff, who is representative of the Class herein, is typical of the claims of the proposed Class, in that the claims of all members of the proposed Class, including the Plaintiff, depends on a showing of the acts of Defendants giving rise to the right of Plaintiff to the relief sought herein. There is no conflict between the individually named Plaintiff and other members of the proposed Class with respect to this action, or with respect to the claims for relief set forth herein.

43.     The named Plaintiff is the representative parties for the Class, and is able to, and will fairly and adequately protect the interests of the Class. The attorneys for Plaintiff and the Class are experienced and capable in complex civil litigation, insurance litigation and class actions.

44.     The class action procedure is superior to all other available methods for the fair and efficient adjudication of this controversy. This action would permit a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort. Class treatment also would permit the adjudication of claims by Class members whose claims are too small and complex to individually litigate against a large corporate defendant.

45.     As relief for the alleged violations of Arkansas law, Plaintiff seeks, on behalf of herself and all Class members: 1) a declaratory judgment determining that Defendants have violated Arkansas law by receiving subrogation or reimbursement from its health plan members prior to a made-whole judicial determination or agreement; and 2) an order requiring Defendants to pay monetary restitution in the amount of the subrogated or reimbursed funds that Defendants have unjustly taken from the Plaintiff's (and proposed Class members') settlement with the third-party tortfeasor prior to a made whole judicial determination or agreement.

46.     Thus, alternatively, certification is appropriate under Rule 23(b)(2) because it is clear that declaratory relief is appropriate respecting the Class as a whole.

## VII. CAUSE OF ACTION.

### A. DECLARATORY JUDGMENT.

47. Plaintiff hereby repeats and re-alleges all preceding paragraphs contained herein.

48. An actual case and controversy within the meaning of the Arkansas Declaratory Judgment Act, Ark. Code Ann. § 16-111-101, *et seq.*, which may be adjudicated by this Court exists between Plaintiff and proposed Class members, and the Defendants.

49. Plaintiff and all members of the proposed Class were covered under a contract of health insurance issued by or administered by Defendants.

50. Defendants are required to treat all insureds and all covered persons consistent with the requirements of the laws and regulations of the appropriate state.

51. Thus, for insureds and covered persons who reside in Arkansas, Arkansas law controls.

52. The health insurance contract issued by or administered by Defendants, and providing coverage to Plaintiff and all other similarly situated individuals provided that Defendants would administer payment for the reasonable medical expenses resulting from injuries sustained by covered persons, even if the injury fault lies with another person or party.

53. Well-settled Arkansas case law limits the Defendants' right to receive subrogation or reimbursement from Plaintiff and similarly situated individuals until after Defendants and the covered person have reached an agreement that the individual has been made whole or a judicial determination that the individual has been made whole.

54. As a common policy and general business practice, Defendants, through UMR or otherwise, receive subrogation or reimbursement of payments made to or on behalf of covered persons prior to a made-whole judicial determination or made-whole agreement. Accordingly, Defendants have violated, and continue to violate, Arkansas law.

55. As a result of these violations of Arkansas law, Plaintiff and the proposed Class members have been injured. Plaintiff's and proposed Class members' damages include the amount of illegally subrogated or reimbursed funds that Defendants have received from settlements reached with the Plaintiff and proposed Class members and a third-party tortfeasor. Defendants, through their illegal actions, have kept and continue to keep for themselves a portion of the Plaintiff's and the proposed Class members' settlement proceeds from a third-party tortfeasor. Therefore, restitution, including pre-judgment and post-judgment interest, is appropriate, as well as other legal and equitable relief.

WHEREFORE, Plaintiff, on behalf of herself and on behalf of all others similarly situated, respectfully request that this Court:

a) determine that this action may be maintained as a class action under Rule 23 of the Arkansas Rules of Civil Procedure and that Plaintiff is a proper class representative;

b) enter a declaratory judgment that Defendants' actions of receiving subrogation or reimbursement from a covered person's recovery from a third-party tortfeasor prior to a made-whole judicial determination or agreement violates Arkansas law;

c) enter an order demanding that Defendants pay monetary restitution, including pre-judgment and post-judgment interest to the Plaintiff, and all proposed Class members, of 100% of the subrogated or reimbursed proceeds that Defendants have illegally taken from the Class members; and

d) grant such other legal and equitable relief as the Court may deem appropriate, including costs and attorney's fees.

## VIII. JURY DEMAND.

Plaintiff and the Class members hereby request a trial by jury.

DATED: March 13, 2019                Respectfully submitted,

                                        HANK BATES (ABN 98063)
                                      RANDALL K. PULLIAM (ABN 98015)
                                      TIFFANY WYATT OLDHAM (ABN 2001287)
                                      **CARNEY BATES & PULLIAM, PLLC**
                                      519 W. 7th St.
                                      Little Rock, AR 72201
                                      Tel: (501) 312-8500
                                      Fax: (501) 312-8505

                                      and

                                      Bill Horton (ABN 2002200)
                                      Bill Reynolds (ABN 92021)
                                      **CADDELL REYNOLDS, P.A.**
                                      P.O. Box 184
                                      Fort Smith, Arkansas 72902
                                      Tel: (479) 464-8269
                                      Fax: (479) 464-8287

                                      BY: /s/ Bill Horton
                                            BILL HORTON (ABN 2002200)

                                      *Counsel for Proposed Plaintiff Class*

15

## CERTIFICATE OF SERVICE

     I hereby certify that on March 13, 2019, I caused a copy of the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

                                      /s/ Bill Horton
                                      BILL HORTON

## AFFIDAVIT OF BILL G. HORTON

I, Bill G. Horton of Caddell Reynolds, P.A., do hereby swear under penalty of perjury that Defendant, John Doe Corporations 1 through 10 are corporations whose identities are unknown and that Defendant, John Doe Entities 1 through 10, are other legal entities whose identities are unknown.

This affidavit is being filed pursuant to A.C.A. 16-56-125(c).

_____
Bill G. Horton

County of Benton

State of Arkansas

On this 13th day of March in the year 2019, before me, the undersigned notary public, personally appeared, Bill G. Horton, known to me to be the person (s) whose name (s) is/are subscribed to the within instrument and acknowledges that he executed the same for the purposes therein contained. In witness whereof, I hereunto set my hand and official seal.

Meagan R Hicks                                    10/27/2020
Notary Public                                     Commission Expires


MEAGAN R HICKS
MY COMMISSION # 12379484
EXPIRES: October 27, 2020
Benton County


EXHIBIT A