UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DEBORAH MANLEY, on Behalf of
Herself and All Others Similarly Situated                                PLAINTIFF

v.                              No. 5:19-CV-05078

UNITEDHEALTH GROUP INC., et al.                                          DEFENDANTS

**OPINION AND ORDER**

Before the Court are Plaintiff Deborah Manley's motion to remand (Doc. 16), brief in support of her motion (Doc. 17), and Defendants' response in opposition (Doc. 21), and Plaintiff's reply (Doc. 27). Defendants have separately filed a motion (Doc. 14) to dismiss and a brief in support of their motion (Doc. 15). Plaintiff filed a response opposing the motion to dismiss (Doc. 20). Defendants filed a reply (Doc. 26) and Plaintiff filed a surreply (Doc. 30). For the reasons set forth below, the motion to remand will be GRANTED and the motion to dismiss will be DENIED.

**I.     Background**

On March 13, 2019, Plaintiff Deborah Manley filed a complaint in Washington County Circuit Court against UnitedHealth Group Inc., United Healthcare Services, Inc., UnitedHealthcare, Inc., UnitedHealthcare Insurance Co., UMR, Inc., UnitedHealthcare of Arkansas, Inc. (collectively, the "Defendants"), John Doe Corporations 1-10, and John Doe Entities 1-10. Manley is the only named plaintiff, but the complaint contains factual allegations in support of a class action. No class has been certified. Manley alleges that the Defendants improperly collected subrogation or reimbursement from her without first determining whether she had been "made whole" by a settlement with a third-party. She alleges that this practice by

Defendants violates Arkansas law which requires an insurance company to make such a determination before collecting subrogation or reimbursement. Manley seeks damages for proceeds improperly collected by Defendants as well as a declaratory judgment that Defendants' practices are contrary to Arkansas law.

Defendants removed this action on April 17, 2019 pursuant to 28 U.S.C. § 1331. (Doc. 1, p. 6, ¶ 15). Defendants argue that Manley, on behalf of a prospective class, seeks a declaration of rights that would impact the payment of benefits under federal ERISA plans. Manley herself does not have an ERISA plan. Instead, Defendants contend that nearly 44 members of the putative class are ERISA plan participants. As such, Defendants argue, the Court has federal question jurisdiction over the action because ERISA completely preempts Manley's state law claims. Manley's motion to remand argues the Court is without subject matter jurisdiction because Manley lacks standing to assert an ERISA claim or, alternatively, that ERISA does not completely preempt her state law claims.

**II.    Legal Standard**

A civil action may be removed to federal court only if the complaint could have originally been filed in federal court. 28 U.S.C. § 1441(a). After an action has been removed, a plaintiff opposing removal may file a motion to remand an action back to state court. 28 U.S.C. § 1447(c). The removing party has the burden of demonstrating that the federal court has subject matter jurisdiction. *In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). When ruling on a motion to remand, the Court is to resolve all doubts about federal jurisdiction in favor of remand. *Id.*

Defendants removed this case pursuant to 28 U.S.C. § 1331, arguing that claims within the complaint arise under federal law. When deciding whether a claim "arises under" federal law,

2

courts follow the well-pleaded complaint rule, which provides that an issue of federal law must necessarily appear on the face of the plaintiff's well-pleaded complaint. *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1144 (8th Cir. 1992). Under the well-pleaded complaint rule, the plaintiff is the master of her complaint and she may avoid federal jurisdiction by pleading exclusively state law claims. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391 (1987). A defendant's right to remove is "to be determined according to the plaintiff['s] pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). Though Manley has pled exclusively state law claims, Defendants argue that the complaint could implicate one or more ERISA plans, and ERISA's statutory framework would completely preempt Manley's state law claims.

Before deciding whether Manley's claims are completely preempted by ERISA, it is necessary to discuss the differences between complete preemption and conflict (or express) preemption. Conflict preemption generally applies when state and federal laws conflict, but Congress has not clearly intended to completely pre-empt that particular area of law. *Doyle v. Blue Cross Blue Shield of Illinois*, 149 F.Supp.2d 427, 431 (N.D. Ill. 2001). In these cases, conflict preemption is asserted as a defense to a state law claim, and therefore does not appear on the face of a well-pleaded complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). As a result, conflict preemption does not provide a basis for removal to federal court. *Id.; see also Prudential Ins. Co. of Am. v. National Park Medical Center, Inc.*, 413 F.3d 897, 907 (8th Cir. 2005). Complete preemption on the other hand is a well-established exception to the well-pleaded complaint rule. *Metro. Life Ins. Co.*, 481 U.S. at 63-64. Under complete preemption, "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* Indeed, "[c]ertain federal laws, . . . including ERISA, so sweepingly occupy a field of regulatory interest that any claim brought within that field, however stated in the

3

complaint, is in essence a federal claim." *Levine v. United Healthcare Corp.*, 402 F.3d 156, 162 (3d Cir. 2005). Where a complaint asserts a state cause of action concerning an area of law that has been completely preempted, removal to federal court is appropriate. *Id.*

The distinction between conflict and complete preemption is important in the ERISA context because ERISA's statutory framework provides for both forms of preemption: "'complete preemption' under ERISA § 502, 29 U.S.C. § 1132, and '[conflict] preemption' under ERISA § 514, 29 U.S.C. § 1144." *Prudential Ins. Co.*, 413 F.3d at 907. ERISA's conflict preemption clause, § 514(a), "preempts any state law that 'relates to any employee benefit plan.'" *Id.* (quoting 29 U.S.C. §1144(a)). It follows then that any claim that merely "relates to" an ERISA plan does not provide a basis for removal. *Id.* Rather, a defendant seeking removal by invoking federal question jurisdiction through ERISA must show that a state law cause of action falls within the scope of § 502(a) of ERISA. *Metro. Life Ins. Co.*, 481 U.S. at 66; *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). A state law cause of action falls within the scope of § 502(a)—and is therefore completely preempted by federal law—if: (1) "an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)," and (2) "where there is no other independent duty that is implicated by a defendant's action." *Davila*, 542 U.S. at 210. Thus, removal to federal court is appropriate only if Manley's claims fall within the scope of § 502(a) of ERISA.

## III. Discussion

Section 502(a), ERISA's civil enforcement provision, provides that only a plan participant, beneficiary, fiduciary, or state actor may enforce ERISA's statutory provisions. 29 U.S.C. § 1132(a)(1)(B). Both parties agree that Deborah Manley does not fall into any of these categories. Therefore, Manley could not, at any point in time, have brought a claim under § 502(a) of ERISA.

4

This is not in dispute. Defendants instead argue that federal jurisdiction exists because members of the putative class described in the complaint are plan participants. However, no class has been certified at this time. The only plaintiff, Deborah Manley, cannot bring an ERISA claim. As it stands, no federal issue is currently in question.

Defendants' position that a federal question exists based on the putative class members is understandable. The face of the complaint contains allegations that could potentially implicate federal law. Fatal to Defendants' position, however, is their speculation that these 44 putative class members will eventually be class members in this action. For Defendants' argument to succeed, the ERISA participants must become part of the action and their ERISA plans must be implicated by the adjudication of Manley's claims. It is far from certain that these 44 members— or any other members of the putative class—would fall within a class that meets either Arkansas or Federal Rule of Civil Procedure 23's requirements for class certification. Were a state court to certify a class but limit the class definition to those without an ERISA plan, no federal issue would be in question. Apart from acknowledging that a favorable Rule 23 determination is necessary to Defendants' removal argument, the Court makes no finding on how this case will proceed in the Circuit Court of Washington County.

Because Deborah Manley cannot bring an ERISA claim, and it is far from certain this action would extend to ERISA plan participants, subject matter jurisdiction is in doubt. The Court must resolve all doubts about federal jurisdiction in favor of remand. *See In re Business Men's Assur. Co. of Am.*, 992 F.2d at 183. The action must be remanded to state court for lack of subject matter jurisdiction.

Even if Manley were able to bring an ERISA claim, however, her claims do not satisfy the second prong of *Davila*. Manley's state law claims assert that Defendants' collection practices

violate Arkansas law. To fall within the scope of § 502(a), there must be no other independent duty implicated by Defendants' actions. *See Davila*, 542 U.S. at 210. "If there is some other independent legal duty beyond that imposed by an ERISA plan, a claim based on that duty is not completely preempted under § 502(a)(1)(B)." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 949 (9th Cir. 2009). *But see Singh v. Prudential Health Care Plan, Inc.*, 335 F.3d 278, 291 (4th Cir. 2003) ("[W]hen the validity, interpretation or applicability of *a plan term* governs the participant's entitlement to a benefit or its amount, the claim for such a benefit falls within the scope of § 502(a).") (emphasis in original).

In *Marin*, Marin General Hospital contacted the administrator of a patient's ERISA plan to verify the patient had medical insurance through an ERISA plan. *Marin Gen. Hosp.*, 581 F.3d at 943. The administrator verified that the patient was covered and orally agreed to cover 90% of the patient's medical expenses at the hospital. *Id.* After the plan administrator later refused to pay for services rendered by the hospital, the hospital sued for breach of oral contract and negligent misrepresentation. *Id.* at 944. The district court denied the hospital's motion to remand, deciding that its claims fell within the scope of § 502(a). *Id.* The Ninth Circuit reversed, finding that the hospital's claims for breach of contract were "in no way based on an obligation under an ERISA plan, and . . . would exist whether or not an ERISA plan existed." *Id.* at 950. Rather, the hospital's claims were based on a duty that arise[d] independently of ERISA." *Id.* Therefore, the state law claims were not completely preempted by § 502(a)(1)(B) of ERISA, and remand was required. *Id.* at 950-51.

In this case, Manley asserts only state law claims. She argues that Arkansas' "made whole" doctrine requires that an insurance provider verify whether an insured individual has been made whole by a third-party settlement before seeking subrogation or reimbursement. Whether

Defendants have complied with this duty is a matter entirely independent of an ERISA plan. Rather, this obligation is imposed by Arkansas law. *Riley v. State Farm Mut. Auto. Ins. Co.*, 381 S.W.3d 840 (Ark. 2011). Defendants cite no term or policy in any ERISA plan that imposes this obligation. Nor have Defendants demonstrated how this action exists only because of the existence of an ERISA plan. In fact, it is undisputed that Manley is not an ERISA plan participant. The mere fact that Manley may bring this claim without being an ERISA plan participant demonstrates that there need not be an ERISA plan to bring this action. *See Marin Gen. Hosp.*, 581 F.3d at 950. Manley, like the hospital in *Marin*, seeks only to remedy an alleged violation of an obligation that is independent of any ERISA plan. Therefore, Manley's claims fail to satisfy the second prong of *Davila*.

There is little doubt that the application of Arkansas' "made whole" doctrine may impact payments between two parties bound by an ERISA plan. As discussed, the duty under the "made whole" doctrine is not imposed by the ERISA plan. Any claim based on a violation of that duty would, at most, "relate to" an ERISA plan, or more precisely the parties to an ERISA plan. Defendants are free to assert a conflict preemption defense under § 514 of ERISA in state court, but conflict preemption does not provide a basis for federal question jurisdiction. *Metro. Life Ins. Co.*, 481 U.S. at 63. Because Manley's claims on behalf of potential plaintiffs would not fall within the scope of § 502(a), they are not completely preempted by ERISA. Remand would therefore be required even if Manley could assert an ERISA claim on behalf of ERISA participants.

## IV. Conclusion

IT IS THEREFORE ORDERED that Plaintiff Deborah Manley's motion to remand (Doc. 16) is GRANTED, and the case is remanded to the Circuit Court of Washington County.

IT IS FURTHER ORDERED that Defendants' motion (Doc. 14) to dismiss is DENIED as

7

MOOT.

IT IS SO ORDERED this 6th day of August, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE